UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV213-W-1
(3:03CR134-MU)

| | |
|---|---|
| JAPLIN D. CURETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and supporting memorandum (Doc. Nos. 1 and 2), filed May 24, 2007.

A review of the subject Motion to Vacate, along with pertinent Court records reflects that on or about July 29, 2003, Petitioner was one of seven individuals indicted and charged with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846 and with possession with intent to distribute in violation of 21 U.S.C. § 841. On September 29, 2003, Petitioner and the Government filed a Plea Agreement with this Court. On October 20, 2003, the parties filed a Revised Plea Agreement. On November 11, 2003, Petitioner entered a guilty plea at his Rule 11 hearing. On September 29, 2004, this Court sentenced Petitioner to 262 months imprisonment and eight years of supervised release. Judgment was entered on October 8, 2004. Petitioner appealed his conviction and sentence to the United States Court of

Appeals for the Fourth Circuit. On June 27, 2005, the Fourth Circuit affirmed Petitioner's conviction and sentence. On July 19, 2005, the mandate was issued. Petitioner did not file a writ of certiorari with the United States Supreme Court. On May 24, 2007, Petitioner filed the instant Motion to Vacate.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction became final on or about October 17, 2005. See Clay v. United States, 537 U.S. 522 (2003)(federal criminal conviction becomes final when time for filing petition for certiorari contesting appellate court's affirmation of conviction expires). Petitioner did not file the instant Motion to Vacate until over one year and seven months after his conviction became final, and thus it appears to the Court that Petitioner's Motion to Vacate is untimely.

Anticipating this result,[1] Petitioner argues that his Motion to Vacate is timely because his limitation period should begin to run on July 19, 2006, the date he first discovered that the judgment in his two predicate state court convictions were formally consolidated for sentencing by a November 2000 court Order. Petitioner states that he discovered this fact when he received a packet of legal documents from his girlfriend.

The "discovery of facts" trigger for AEDPA's limitation period requires that a petitioner demonstrate that he used due diligence to discover the fact. 28 U.S.C. § 2255(4). Petitioner has failed to satisfy this criteria. Petitioner provides no explanation as to why he could not have discovered the 2000 state court order at an earlier date. Indeed, in his motion Petitioner states that he asked his girlfriend to retrieve his state court records on June 25, 2006, and she mailed them to him less than a month later in the middle of July 2006. Petitioner does not identify any impediment whatsoever to his discovering his state court judgment at an earlier date. Section 2255(4) is concerned with the discovery of facts

---

[1] In January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding in Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. Typically, this Court issues Hill notices in § 2255 cases as well. See United States v. Sosa, 364 F.3d 507 (4th Cir. 2004). However, in the instant case, Petitioner, unlike the petitioner in Hill, addressed the issue of the timeliness of his petition. Accordingly, given the fact that at the time he filed his Motion to Vacate, Petitioner knew of AEDPA's limitation period and argued at length that his Motion to Vacate should be considered timely, this Court concludes that it need not provide Petitioner with any additional opportunities to address such matters.

not the realization of the legal consequences of facts.[2]

In the alternative, Petitioner argues that even if this Court does not hold that his receipt of his state court file should start the running of his limitation period, this Court should find that his limitation period under AEDPA should be equitably tolled. In support of his argument Petitioner merely states that "extraordinary circumstances" prevented him from filing his Motion to Vacate within one year of his conviction becoming final. Such a generalized assertion is wholly insufficient to establish the need for equitable tolling. The United States Court of Appeals for the Fourth Circuit has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000). That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. Petitioner does not identify any outside impediment to his obtaining his state court records. Indeed, it appears once he decided he wanted to obtain the court documents it took him less than a month to receive them. As such, this Court does not find that Petitioner's situation warrants the invocation of equitable tolling.

---

[2] In support of his argument, Petitioner cites to a line of cases which addresses issues involved when a prior state court conviction is vacated after the individual has been sentenced in federal court. These cases are not on point with Petitioner's case. Unlike the cases cited to by Petitioner, there was no new state court action in his case. Rather, Petitioner is arguing that his limitation period should run from the time he learned of the nature of a particular order and its alleged importance to his federal case.

In conclusion, this Court holds that Petitioner has not established that the existence of his state court judgment was a fact that he could not have discovered earlier with due diligence. In addition, Petitioner has not presented the Court with any circumstances that would warrant the equitable tolling of his limitation period under AEDPA. Consequently, this Court holds that Petitioner's Motion to Vacate is untimely.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** as untimely.

Signed: June 2, 2007

Frank D. Whitney
United States District Judge